# EXHIBIT A-2

1/20/2015 4:11:22 PM
Chris Daniel - District Clerk Harris County
Envelope No. 3832976
By: Cassandra Durisseau
Filed: 1/20/2015 4:11:22 PM

CAUSE NO. _____

| | | |
|---|---|---|
| CATHIE EVANS, as Next of Friend of XXXXXXXXX XXXXXX, Minor Child | § § § § | IN THE DISTRICT COURT OF |
| V. | § § | HARRIS COUNTY, TEXAS |
| KAWASAKI MOTORS CORP. U.S.A. and BAYOU CITY MOTORSPORTS, INC. D/B/A KAWASAKI OF PASADENA | § § § § § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

COMES NOW, CATHIE EVANS, as Next of Friend of XXXXXXXXX XXXXXX, Minor Child ("Plaintiff"), and files this Original Petition against KAWASAKI MOTORS CORP. U.S.A. and BAYOU CITY MOTORSPORTS, INC. D/B/A KAWASAKI OF PASADENA and would respectfully show this Honorable Court the following:

### I.
### DISCOVERY CONTROL PLAN

Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, Plaintiff files this petition under a Level 3 Discovery Control Plan.

### II.
### REQUESTS FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this request at the office of the undersigned.

### III.
### PARTIES

Plaintiff, **Cathie Evans**, is a resident of Galveston County, Texas. She brings claims as Next Friend of Minor Child, XXXXXXXXX XXXXXX.

Defendant, **Kawasaki Motors Corp. U.S.A.**, (hereinafter "Kawasaki") is a corporation doing business in the State of Texas. Kawasaki may be served through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201. Upon information and belief, Kawasaki manufactured the vehicle in question. Plaintiff specifically invokes the right to institute this suit against whatever entity was conducting business using the assumed or common name of "Kawasaki Motors Corp. U.S.A." with regard to the events described in this Petition. Plaintiff expressly invokes the right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon motion of any party or of the Court.

Defendant **Bayou City Motorsports, Inc. d/b/a Kawasaki of Pasadena** (hereinafter "Bayou City Motorsports") is a Texas corporation doing business in the State of Texas. Bayou City Motorsports may be served through its registered agent, Kenneth D. McConnico, 830 Apollo, Houston, Texas 77058. Upon information and belief, Bayou City Motorports sold the vehicle in question. Plaintiff specifically invokes the right to institute this suit against whatever entity was conducting business using the assumed or common name of "Bayou City Motorsports, Inc." with regard to the events described in this Petition. Plaintiff expressly invokes the right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

## IV.
### JURISDICTION

The Court has jurisdiction of the subject matter of this lawsuit and the amount in controversy is above the minimum jurisdictional limits of this Honorable Court.

Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00.

## V.
## VENUE

Venue is proper in Harris County, Texas because Defendant Bayou City Motorsports maintains a principal office in Harris County, Texas and does significant business in Texas. Pursuant to Texas Civil Practice & Remedies Code § 15.005, Harris County is the proper venue as to all Defendants.

## VI.
## FACTUAL BACKGROUND

On or about June 29, 2013 in Flatonia, Texas, XXXXXXXXX XXXXXX (the "Minor Child") was a passenger in a 2008 Kawasaki 3010 Mule ("Kawasaki Mule" or "the vehicle") manufactured by Defendant Kawasaki. The Minor Child was being driven by his grandfather on his grandfather's ranch. The Minor Child's grandfather had been driving the vehicle for around 20 minutes when, suddenly and without warning, the vehicle's coolant overflow reservoir/expansion tank ("coolant reservoir") erupted, causing boiling hot water and antifreeze to spill onto the Minor Child. As a result of the incident, the Minor Child sustained severe burns covering a large portion of the Minor Child's lower body. The vehicle was sold to Plaintiff's grandfather by Defendant Bayou City Motorsports.

## VII.
## CAUSES OF ACTION AGAINST KAWASAKI MOTORS CORP. U.S.A.

### A. STRICT LIABILITY: DESIGN DEFECT

At all pertinent times, Kawasaki was engaged in the business of designing, manufacturing, marketing, selling and/or otherwise placing the vehicle into the stream of commerce. Defendant Kawasaki is liable for the Minor Child's injuries that resulted due to the defective design of the vehicle in question. Texas law provides that for the purposes of product liability law, "'[s]eller'" means a person who is engaged in the business of distributing or

otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof." Tex Civ. Prac. & Rem. Code § 82.001. Kawasaki designed the vehicle that is the subject of this lawsuit. At the time the vehicle was designed, manufactured, marketed, and placed into the stream of commerce by Kawasaki, it was defective in design and unreasonably dangerous. The defective and unreasonably dangerous condition of the vehicle in question was a direct and proximate cause of the injuries to the Minor Child.

The defects regarding the subject vehicle include, but are not limited to, the placement of the coolant reservoir that exposed the vehicle's occupants to the danger of being struck by spewing liquids from the coolant reservoir, the lack of a more effective, multi-layer, deflective shielding mechanism incorporated between the coolant reservoir and the vehicle's occupants, and the lack of a cap with increased thread pitch and less lead (linear movement) per rotation that would have reduced unintended detachment and increased the mechanical advantage of the threads.

Safer alternative designs existed other than the ones used that were economically and technologically feasible and would have prevented or significantly reduced the risk of accident and/or injury without substantially impairing the machine's utility.

The vehicle was defectively designed because its coolant reservoir was placed in an area that exposed the vehicle's occupants to the danger of being struck by spewing liquids from the coolant reservoir. Specifically, Kawasaki could have designed the vehicle to incorporate the coolant reservoir in an area of the vehicle that allowed for a greater distance between the coolant reservoir and the vehicle's occupants.

Further, the vehicle was defectively designed because the vehicle was not equipped with

a multi-layer, deflective shielding mechanism in front of the coolant reservoir that would have shielded the vehicle's occupants from spewing liquids. Specifically, Kawasaki could have designed the vehicle with a shielding mechanism that would have blocked spewing liquids from causing injury to the vehicle's occupants

Also, the vehicle was defectively designed because its coolant reservoir was not equipped with a cap and thread design with increased thread pitch and less lead (linear movement) per rotation that would have reduced unintended detachment and increased the mechanical advantage of the threads. Kawasaki could have designed the reservoirs cap and thread design to include finer threads that would have that would have been more resistant to unintended attachment

Each alternative design for the above identified defects was available in the market and was technologically and economically feasible at the time the vehicle was manufactured and would not have impaired the utility of the vehicle. The defective and unreasonably dangerous design of the vehicle was a producing cause of the Minor Child's injuries.

At the time of the incident, upon information and belief, the vehicle was in the same or substantially similar condition as it was at the time when it left Kawasaki's control and was placed into the stream of commerce.

### B. STRICT LIABILITY: VEHICLE MANUFACTURING DEFECT

When the vehicle left control of Kawasaki, defects in the manufacture of the vehicle rendered it defective and unreasonably dangerous in that it was prone to fail in the foreseeable course of use. In particular, the vehicle was defectively manufactured and/or assembled by Kawasaki. The failure of the vehicle caused the coolant reservoir to explode and cause injury to Plaintiff. Plaintiff used the vehicle for its intended and foreseeable purpose, and the defective

manufacture of the vehicle directly and proximately caused the Minor Child's injuries and damages.

### C. STRICT LIABILITY: MARKETING DEFECT/FAILURE TO WARN

Kawasaki failed to give adequate and proper warnings and instructions regarding the dangers of the vehicle. This failure rendered the vehicle defective and unreasonably dangerous, and was a producing cause of the injuries to the Minor Child. Specifically, Kawasaki failed to provide adequate instructions regarding the coolant reservoir of the vehicle, specifically failing to warn Plaintiff of the problems and dangers that the vehicle's cap could become detached and cause liquids to spew onto the vehicle's occupants. Kawasaki also failed to conspicuously place warnings on the vehicle to notify the vehicle's occupants that the vehicle was overheating. This rendered the vehicle defective and unreasonably dangerous, and was a producing cause of injuries to the Minor Child.

### D. BREACH OF WARRANTIES

Defendant Kawasaki sold the vehicle that was defective and/or unfit for its purpose. The defective vehicle supplied by Defendant was unfit for the ordinary purpose for which such vehicles are used; and this unfit condition was a proximate cause of the injuries sustained by the Minor Child. The vehicle failed to function normally and was a proximate cause of the injuries sustained by the Minor Child.

### E. NEGLIGENCE AND GROSS NEGLIGENCE

Defendant Kawasaki committed acts of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused the Minor Child's injuries and damages.

Defendant Kawasaki's acts or omissions constituting negligence include, without

limitation:

   a. Failing to properly design the vehicle;
   b. Failing to properly manufacture the vehicle;
   c. Failing to adequately test the vehicle;
   d. Failing to recall the vehicle, or alternatively, to warn consumers of a known danger/defect in the vehicle;
   e. Failing to disclose post-sale information known about the dangers or defects in the vehicle;
   f. Concealing known dangers associated with the vehicle;
   g. Failing to meet or exceed internal corporate guidelines; and
   h. Failure to warn.

Kawasaki committed gross negligence, which was a proximate cause of the injuries to the Minor Child, and for which Plaintiff is entitled to recover punitive damages. Kawasaki's actions were reckless, willful, wanton, heedless, and in flagrant disregard of public safety. As a result, Plaintiff is entitled to recover actual and punitive damages in an amount to be determined by the trier of fact.

### CAUSES OF ACTION AGAINST BAYOU CITY MOTORSPORTS

#### A. NEGLIGENCE AND GROSS NEGLIGENCE

Defendant Bayou City Motorsports sold the vehicle in question. Bayou City Motorsports failed to warn Plaintiff of the vehicle's dangers and did not ensure that the vehicle was in a safe condition. Defendant Bayou City Motorsports committed acts of omission and commission, which collectively and severally constituted negligence and gross negligence, and that negligence proximately caused the Minor Child's injuries.

## VIII.
## PRESERVATION OF EVIDENCE

Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes; audiotapes; recordings; business records; memoranda; files; facsimiles; email; voice mail; text messages; sales receipts; invoices; commission records; tax records; telephone messages; telephone calling card transactions; calendar entries; diary entries; any incident report; and any electronic image, data or information related to the referenced incident. Failure to maintain such items will constitute a "spoliation" of the evidence.

## IX
## DAMAGES

As a result of Defendants' negligence, the Minor Child was injured. Plaintiff brings this action for the following damages:

a. Past physical pain and suffering of the Minor Child, and that which the Minor Child will, in all probability, suffer in the future;

b. Past mental anguish of the Minor Child and that which the Minor Child will, in all probability suffer in the future;

c. Permanent bodily impairment and disability of the Minor Child;

d. The medical expenses that the Minor Child has incurred in the past and will, in all probability, continue to incur in the future;

e. Disfigurement and scarring;

f. Any and all other damages in which the Minor Child may be justly entitled; and

g. Exemplary damages.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiff recovers damages from Defendants in accordance with the evidence; that Plaintiff recovers cost of the court herein expended; that Plaintiff recovers interest to which Plaintiff is justly entitled under the law, both prejudgment and post-judgment; that Plaintiff recovers actual damages; that Plaintiff is entitled to recover compensatory damages; that Plaintiff recovers punitive damages; and for such other further relief, both general and specific, both in law and in equity to which Plaintiff may be justly entitled.

Respectfully submitted,

ABRAHAM, WATKINS, NICHOLS,
SORRELS, AGOSTO & FRIEND

MUHAMMAD S. AZIZ
State Bar No. 24043538
800 Commerce Street
Houston, Texas 77002
Telephone: (713) 222-7211
Facsimile: (713) 225-0827
maziz@abrahamwatkins.com

**ATTORNEY FOR PLAINTIFF**